

**ATTORNEYS AT LAW**
**Chrysler Building**
405 Lexington Avenue | 36th Floor
New York, New York 10174-3699
212.785.2577 | fax 212.785.5203
www.carltonfields.com

Atlanta
Florham Park
Hartford
Los Angeles
Miami
**New York**
Orlando
Tallahassee
Tampa
Washington, DC
West Palm Beach

**Ethan Horwitz**
Shareholder
212-380-9617 Direct Dial
ehorwitz@carltonfields.com

May 10, 2024

<u>Via ECF</u>

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: *Ultra Records, LLC. v. Ultra International Music Publishing, LLC*
    Case No. 1:22-cv-09667
    <u>Motion to Exclude Evidence Regarding Deductibility of Expenses</u>

Dear Judge Subramanian:

  As counsel for Ultra International Music Publishing, LLC ("UIMP") in the above action, we write to respectfully request the Court's permission to file limited redacted versions of certain exhibits in support of its concurrently filed Motion to Exclude Evidence Regarding Deductibility of Expenses ("Evidence Motions") with unredacted versions to be filed under seal. UIMP makes this request pursuant to Section 11(c)(iii) of the Court's Individual Practices in Civil Cases.

  The proposed redactions are limited to certain exhibits that include highly sensitive and confidential business and financial information relating to UIMP's profits and losses as is relevant to Plaintiff, Ultra Records, LLC's ("Plaintiff") claim for damages, as well as hourly rates for certain expert services. To that end, the proposed redactions relate to references, information, and calculations based on UIMP's profits which are highly confidential and sensitive.

  Although UIMP understands the presumption in favor of public access to judicial documents, however, UIMP has strong interests in preventing harms that may come from public disclosure of its highly confidential business information and other private matters. *See, e.g.*, *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 Fed. App'x. 615, 617 (2d Cir. 2009) (upholding a party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *see also Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 CIV. 2003 (PKL), 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (finding that courts have found good cause for permitting filing under seal where public filing would disclose commercially sensitive and confidential information). Moreover, courts

The Honorable Arun Subramanian
May 10, 2024
Page 2

have also found good cause in redacting the hourly rates of expert witnesses. *Red Hawk, LLC v. Colorforms Brand LLC*, 638 F. Supp. 3d 375, 385 (S.D.N.Y. 2022).

As such, UIMP contends that its confidential financial information describing its profits and losses that is referenced in the exhibits to be redacted should remain non-public information because it is part of UIMP's highly sensitive confidential business information. Likewise, the hourly rates for the expert witnesses is also due protection from the public scrutiny.

For the reasons above, UIMP respectfully requests that the **Court permit the limited redactions of certain exhibits in support of its concurrently filed Evidence Motion.**

Respectfully,

/s/ Ethan Horwitz

Ethan Horwitz

cc:     Plaintiff's counsel via ECF

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: May 10, 2024

The Honorable Arun Subramanian
May 10, 2024
Page 3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing pleading was electronically filed with the Clerk by using the CM/ECF system, which will send a notice of electronic filing to all registered users of the CM/ECF system.

This 10th day of May, 2024.

                                                   /s/ Jayashree Mitra