**CARLTON FIELDS**

ATTORNEYS AT LAW
Chrysler Building
405 Lexington Avenue | 36th Floor
New York, New York 10174-3699
212.785.2577 | fax 212.785.5203
www.carltonfields.com

Atlanta
Florham Park
Hartford
Los Angeles
Miami
**New York**
Orlando
Tallahassee
Tampa
Washington, DC
West Palm Beach

**Ethan Horwitz**
Shareholder
(212) 380-9617 Direct Dial
EHorwitz@carltonfields.com

May 15, 2024

<u>Via ECF</u>

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:   *Ultra Records, LLC. v. Ultra International Music Publishing, LLC*
           Case No. 1:22-cv-09667

Dear Judge Subramanian:

    We represent Defendant Ultra International Music Publishing, LLC ("UIMP") in the above action. Pursuant to Section 11(c)(i) and (iii) of the Court's Individual Practices in Civil Cases, we write to explain the need for the limited redactions that UIMP requested with respect to certain exhibits filed by Plaintiff, Ultra Records, LLC ("Plaintiff") in connection with its Motion in Limine to Exclude the Expert Opinions of B. Amirkhani and Portions of the Expert Opinions of G. Casson and Dr. R. Kneuper (Dkts. 49, 51) (the "Motion in Limine"), the supporting Memorandum of Law (Dkt. 50), as well as the Declarations of Kaleb McNeely (Dkts. 52, 54) filed in support thereof.

    Specifically, UIMP requested redactions to the following exhibits:

| Exhibit Number(s) | Description |
|---|---|
| 2 | Expert Report of Bijan Amirkhani p/k/a Bijan Amir |
| 3 | Expert Report of Gary Casson |
| 4 | Expert Report of Robert Kneuper, Ph.D. |
| 5 | Expert Report of James J. Donohue |
| 6 | Expert Rebuttal Report of Robert Kneuper, Ph.D. |
| 9 | Plaintiff's Second Supplemental Responses and Objections to Defendant's Interrogatory No. 8 |
| 12 | Plaintiff's Supplemental Responses and Objections to Defendant's Interrogatory Nos. 2 and 4-9 |

Carlton Fields, P.A.
A Professional Corporation
Carlton Fields, P.A. practices law in California through Carlton Fields, LLP.

The Honorable Arun Subramanian
May 15, 2024
Page 2

      The requested redactions are limited to certain exhibits that include highly sensitive and confidential business and financial information relating to UIMP's profits and losses as is relevant to Plaintiff, Ultra Records, LLC's ("Plaintiff") claim for damages, as well as hourly rates for certain expert services.

      Although UIMP understands the presumption in favor of public access to judicial documents, however, UIMP has strong interests in preventing harms that may come from public disclosure of its highly confidential business information and other private matters. *See, e.g.*, *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 Fed. App'x. 615, 617 (2d Cir. 2009) (upholding a party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *see also Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 CIV. 2003 (PKL), 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (finding that courts have found good cause for permitting filing under seal where public filing would disclose commercially sensitive and confidential information). Moreover, courts have also found good cause in redacting the hourly rates of expert witnesses. *Red Hawk, LLC v. Colorforms Brand LLC*, 638 F. Supp. 3d 375, 385 (S.D.N.Y. 2022).

      Exhibits 3–6, 9 and 12 contain references to UIMP's highly confidential and sensitive business information. Specifically, Exhibit 3 references confidential information regarding UIMP's song catalog and its artists, while Exhibits, 4–6, 9, and 12, reference and/or rely on UIMP's confidential financial information relating to its profits and losses. As such, UIMP contends that the aforementioned references in portions of Exhibits 3–6, 9 and 12 are deserving of protection from the public view because it contains UIMP's highly sensitive confidential business information. *Standard Inv. Chartered, Inc.*, 347 Fed. App'x. at 617 (upholding a party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *Bergen Brunswig Corp.*, 1998 WL 113976, at *3 (finding that courts have found good cause for permitting filing under seal where public filing would disclose commercially sensitive and confidential information).

      And as it relates to the limited portions of Exhibits 2–4, and 6, which disclose the hourly rates of UIMP's experts, UIMP submits that good cause exists to permit the requested redactions, and requests that the Court allow the narrowly tailored redactions of the hourly rates that UIMP paid its expert witnesses to remain restricted from public view. *See Red Hawk, LLC*, 638 F. Supp. 3d at 385. (finding good cause in redacting expert witness hourly rates).

      For the reasons above, UIMP respectfully requests that the Court permit the limited redactions requested by UIMP in relation to certain exhibits filed by Plaintiff in support of its Motion in Limine.

The request is GRANTED. The Clerk of Court is directed to close Dkt. 73.
SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: May 15, 2024

The Honorable Arun Subramanian
May 15, 2024
Page 3

                                                      Respectfully,

                                                      */s/ Ethan Horwitz*

                                                      Ethan Horwitz

cc:      Plaintiff's counsel via ECF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing pleading was electronically filed with the Clerk by using the CM/ECF system, which will send a notice of electronic filing to all registered users of the CM/ECF system.

This 15th day of May, 2024.

                                                                                      /s/ *Ethan Horwitz*