

BRUCE R. EWING
Partner
(212) 415-9206
ewing.bruce@dorsey.com

May 31, 2024

**VIA ECF**

Hon. Arun Subramanian
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Ultra Records, LLC v. Ultra International Music Publishing, LLC*, No. 22-cv-09667

Dear Judge Subramanian:

    We represent Plaintiff Ultra Records, LLC ("Ultra Records, LLC") in the above-referenced action. We write pursuant to Section 11.B and 11.C of Your Honor's Individual Practices in Civil Cases (the "Individual Practices") to request leave to file (i) Exhibit 3 to the Declaration of Bruce R. Ewing in Opposition to Defendant's Motion for Partial Summary Judgment (the "Ewing Declaration"), (ii) Exhibit 2 to the Declaration of Joshua Colangelo-Bryan in Opposition to Motion to Exclude Evidence Regarding Deductibility of Expenses, and (iii) Exhibit 1 to the Declaration of Joshua Colangelo-Bryan in Opposition to Motion to Exclude Expert Jeff Rougvie in redacted form. The reason for this request is that Defendant Ultra International Music Publishing, LLC ("UIMP") contends that those exhibits contain confidential information and has requested that they be filed in redacted form. Ultra Records, LLC takes no position with respect to the merits of UIMP's requested redactions.

    Ultra Records, LLC also requests leave to file Exhibits 4 and 5 to the Ewing Declaration (the "Confidential Exhibits") under seal and to file the Declaration of Carmine Coppola (the "Coppola Declaration") in redacted form. The Confidential Exhibits include an Asset Contribution and Membership Interest Purchase Agreement, as well as the Schedules thereto, which contain highly confidential business and financial information of Ultra Records, LLC, as well as personal identifying information and prior salary information of individual employees of Ultra Records, LLC or its predecessor. The Coppola Declaration references the names of, and financial information regarding, certain artists, which is highly confidential business information of Ultra Records, LLC.

    While Ultra Records, LLC understands the presumption in favor of public access to judicial documents, it has strong interests in preventing harms that may come from public disclosure of its highly confidential business and financial information and other private matters. *See, e.g.*, *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 Fed. App'x.



Hon. Arun Subramanian
May 31, 2024
Page 2

615, 617 (2d Cir. 2009) (upholding a party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *see also Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 CIV. 2003 (PKL), 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (finding that courts have found good cause for permitting filing under seal where public filing would disclose commercially sensitive and confidential information).

      As such, Ultra Records, LLC contends that the Confidential Exhibits should be filed under seal and the Coppola Declaration should be filed in redacted form.

      Ultra Records, LLC thanks the Court for its consideration of this request.

Respectfully submitted,

The requests are GRANTED.
SO ORDERED.

DORSEY & WHITNEY LLP

By: */s/ Bruce R. Ewing*
    Bruce R. Ewing
    51 West 52nd Street
    New York, NY 10019
    (212) 415-9200

Arun Subramanian, U.S.D.J.
Date: May 31, 2024

Attorneys for Plaintiff Ultra Records, LLC