

**ATTORNEYS AT LAW**
**Chrysler Building**
405 Lexington Avenue | 36th Floor
New York, New York 10174-3699
212.785.2577 | fax 212.785.5203
www.carltonfields.com

Atlanta
Florham Park
Hartford
Los Angeles
Miami
**New York**
Orlando
Tallahassee
Tampa
Washington, DC
West Palm Beach

**Ethan Horwitz**
Shareholder
(212) 380-9617 Direct Dial
EHorwitz@carltonfields.com

June 5, 2024

<u>Via ECF</u>

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:   *Ultra Records, LLC. v. Ultra International Music Publishing, LLC*
            Case No. 1:22-cv-09667

Dear Judge Subramanian:

      We represent Defendant Ultra International Music Publishing, LLC ("UIMP") in the above action. We write in connection with Plaintiff, Ultra Records, LLC's ("Plaintiff") Letter Motion to Seal (Dkt. #88) and pursuant to Section 11(c)(i) and (iii) of the Court's Individual Practices in Civil Cases to explain the need for the limited redactions that UIMP requested with respect to three exhibits filed by Plaintiff in support of its responses to UIMP's Motion for Partial Summary Judgment (Dkt. #91), UIMP's Motion to Exclude Evidence Regarding Deductibility of Expenses (Dkt. #105), and UIMP's Motion to Exclude Expert Jeff Rougvie (Dkt. #100).

      Specifically, UIMP requested redactions to the following exhibits:

| Dkt. # | Description | Confidential Information/References |
|---|---|---|
| 91-3 | Excerpt of the Deposition of Patrick Moxey | Substantive references and discussions of terms of the confidential 2012 Asset Contribution and Membership Interest Purchase Agreement between the parties, as well as the Schedules thereto |
| 105-2 | Excerpt of the Deposition of Patrick Moxey | Substantive references and discussions of terms of a confidential settlement agreement between UIMP and a non-party |
| 100-1 | Excerpt of the Deposition of Gary Casson | Substantive references and discussions of terms of a confidential settlement agreement between UIMP and a non-party |

Carlton Fields, P.A.
A Professional Corporation
Carlton Fields, P.A. practices law in California through Carlton Fields, LLP.

The Honorable Arun Subramanian
June 5, 2024
Page 2

The requested redactions are limited to certain exhibits that include references and discussions of highly sensitive and confidential business and financial information, relating to both UIMP and URL's private business dealings, both with each other and other non-parties.

Although UIMP understands the presumption in favor of public access to judicial documents, courts recognize that parties have strong interests in preventing harms that may come from public disclosure of its highly confidential business information and other private matters. *See, e.g., Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 Fed. App'x. 615, 617 (2d Cir. 2009) (upholding a party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *see also Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 CIV. 2003 (PKL), 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (finding that courts have found good cause for permitting filing under seal where public filing would disclose commercially sensitive and confidential information).

The three exhibits that UIMP seeks to keep redacted contain references to UIMP's highly confidential and sensitive business information. Specifically, Dkt. #91-3 references and discusses terms of a highly confidential Asset Contribution and Membership Interest Purchase Agreement between the parties regarding employment arrangements of several individuals, while Dkt. #105-2 and Dkt. #100-1 reference and discuss terms and amounts of highly confidential settlement agreements with non-parties. As such, UIMP contends that the aforementioned references in portions are deserving of protection from the public view because it contains UIMP's highly sensitive confidential business information. *Standard Inv. Chartered, Inc.*, 347 Fed. App'x. at 617 (upholding a party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *Bergen Brunswig Corp.*, 1998 WL 113976, at *3 (finding that courts have found good cause for permitting filing under seal where public filing would disclose commercially sensitive and confidential information).

For the reasons above, UIMP respectfully requests that the Court permit the limited redactions requested by UIMP in relation to certain exhibits filed by Plaintiff in support of its Motion in Limine.

Respectfully,

/s/ *Ethan Horwitz*

Ethan Horwitz

cc:   Plaintiff's counsel via ECF

The request is GRANTED.
SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: June 6, 2024

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing pleading was electronically filed with the Clerk by using the CM/ECF system, which will send a notice of electronic filing to all registered users of the CM/ECF system.

This 5th day of June, 2024.

/s/ *Ethan Horwitz*